# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH EOLL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company; and DOES 1–10, inclusive,<br><br>Defendants. | Case No.:  3:25-cv-2310-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

On August 1, 2025, Plaintiff Keith Eoll ("Plaintiff") initiated this action by filing a Complaint against Defendants General Motors LLC ("GM") and Does 1–10 in the Superior Court of the State of California for the County of San Diego (Case No. 25CU040560C). (ECF No. 1-2.)

On September 4, 2025, Defendant GM removed the action to this Court and filed an Answer. (ECF Nos. 1, 3.) On October 3, 2025, Plaintiff filed a Motion to Remand. (ECF No. 8.)

1

Shortly thereafter, the case settled at an Early Neutral Evaluation Conference ("ENE") before Magistrate Judge Jill L. Burkhardt. (ECF No. 11.) The Motion to Remand remains pending on the docket. Under Local Rule 7.1(e)(2), the deadline for Defendant GM to oppose the motion passed on October 20, 2025. *See* S.D. Civ. L.R. 7.1(e)(2). The docket reflects that no opposition was filed.

On February 26, 2026, Plaintiff filed a Motion for Attorneys' Fees. (ECF No. 20.)

On May 11, 2026, the Court issued an Order directing the parties to show cause why the Court should not grant the unopposed Motion to Remand. (ECF No. 25.) On May 13, 2026, the parties filed a Joint Status Report in response to the Court's Order. (ECF No. 27.) The parties state that they "stipulate that the Court retain jurisdiction" to rule on the pending Motion for Attorneys' Fees (ECF No. 20) "in an effort to save judicial resources and avoid refiling on any motions." *Id.* at 2.

"[N]o action of the parties can confer subject-matter jurisdiction upon a federal court . . . . [T]he consent of the parties is irrelevant." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citation omitted).

Plaintiff initially argued in his Motion to Remand (ECF No. 8) that Defendant GM submitted insufficient evidence to meet its burden of proving that the amount in controversy exceeds $75,000, and thus the Court lacks diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). (ECF No. 8 at 9–21.) "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, the Joint Status Report (ECF No. 27) reflects that Plaintiff no longer contests the amount-in-controversy allegations set forth in Defendant GM's Notice of Removal. Accordingly, the Court assesses whether Defendant GM plausibly alleges that the amount in controversy exceeds $75,000.

In its Notice of Removal, Defendant GM asserts that, after a "preliminary investigation," it "has estimated the purchase price for the subject 2018 Chevrolet Traverse to be $43,283.40," as well as "$7,844.05 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." (ECF No. 1 at 5.) Defendant GM contends that "[t]his yields a plausible estimate of actual damages of $35,439.35." *Id.* Defendant GM's Notice of Removal further estimates that a potential amount in controversy would "more than exceed[] the jurisdictional threshold" of $75,000 based upon Plaintiff's request for civil penalties in an amount two times the total actual damages, as well as his request for attorneys' fees. (ECF No. 1 at 6.) Although civil penalties under the Song-Beverly Act "cannot simply be assumed," *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019), the Complaint alleges Defendant GM's "willful" behavior, which adequately supports the inclusion of civil penalties in the amount in controversy. ECF No. 1-2 ¶¶ 17, 24, 28; *see also Pulver v. Nissan N. Am., Inc.*, No. 2:25-cv-01226-JAK (PVCx), 2025 WL 1766529, at *6 (C.D. Cal. June 25, 2025). The Court concludes that the Notice of Removal plausibly alleges an amount in controversy exceeding $75,000. *See Andrade v. General Motors LLC*, No. 2:25-cv-07000-JLS-JPR, 2025 WL 3022669 (C.D. Cal. Oct. 28, 2025) (finding the amount in controversy plausibly alleged on similar facts). Accordingly, the Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 8) is denied.

Dated:  May 21, 2026

Hon. William Q. Hayes
United States District Court