UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KEITH EOLL, an individual,

Plaintiff,

v.

GENERAL MOTORS, LLC, a Delaware limited liability company,

Defendant.

Case No.: 3:25-cv-02310-WQH-JLB

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees, Costs, and Expenses filed by Plaintiff Keith Eoll. (ECF No. 20.)

## I. PROCEDURAL HISTORY

On August 1, 2025, Plaintiff Keith Eoll ("Plaintiff") initiated this action by filing a Complaint against Defendant General Motors, LLC ("Defendant") in the Superior Court of California for the County of San Diego, Case No. 25CU040560C. (ECF No. 1-2.) Plaintiff's claims arise from his purchase of an allegedly defective automobile on June 18, 2018. (ECF No. 20 at 8.) Plaintiff asserts claims for breach of warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 *et seq.*, the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and the California Commercial Code. (ECF No. 1-2 at 4–9.)

On September 4, 2025, Defendant removed the action to this Court. (ECF No. 1.) On the same day, Defendant filed an Answer. (ECF No. 3.)

On October 3, 2025, Plaintiff filed a Motion to Remand. (ECF No. 8.)

On October 17, 2025, the case settled, apart from attorneys' fees, at an Early Neutral Evaluation Conference ("ENE") before Magistrate Judge Jill L. Burkhardt. (ECF No. 11 at 1.)

On February 26, 2026, Plaintiff filed the pending Motion for Attorneys' Fees, Costs, and Expenses. (ECF No. 20.) On March 20, 2026, Defendant filed a Response in Opposition to the motion. (ECF No. 23.) On March 30, 2026, Plaintiff filed a Reply. (ECF No. 24.)

**II. CONTENTIONS**

In the Motion for Attorneys' Fees, Costs and Expenses, Plaintiff states that, pursuant to the Federal Rule of Civil Procedure 68 offer, the parties "agreed [that] 'Plaintiff's attorney's fees, expenses and costs that have been reasonably incurred pursuant to California Civil Code § 1794(d) may be determined by the Court via noticed motion. For purposes of any such motion, [Defendant] will agree that Plaintiff is the prevailing party.'" (Pengilley Decl., ECF No. 20-1 ¶ 52.)

Plaintiff contends that he made "good faith attempts" to resolve attorneys' fees, costs, and expenses without a motion, including offering to "reduce[] [his] reasonably incurred fees and costs by over $3,000.00," but Defendant rejected the offer. (ECF No. 20 at 7.)

Plaintiff now moves for an award of attorneys' fees and costs in the amount of $26,798.19. *Id.* at 7–8. Plaintiff contends that a calculation of his attorneys' fees results in an amount of $21,909.00, based on 30.8 hours of work.[1] *Id.* Plaintiff further contends that a lodestar multiplier of 0.2 supports his request of attorneys' fees in the amount of $26,290.80. *Id.* Plaintiff requests reimbursement of costs and expenses in the amount of $507.39. *Id.* at 8. Plaintiff seeks a total amount of $26,798.19. *Id.*

Plaintiff contends that the request for attorneys' fees is supported by reasonably incurred billed time, reasonable hourly rates, the complexity of this action, and the

[1] Plaintiff also anticipated billing five hours for work related to the instant motion, for an additional $2,875.00. *Id.*

contingent-fee arrangement his attorneys used in this case. *Id.* at 15–20. In support, Plaintiff submits the Declaration of Stephanie S. Pengilley and its related exhibits. (Pengilley Decl., ECF No. 20-1.) The first exhibit (the "Billing Table") describes the work, hours, rates, and total fees incurred by Plaintiff's counsel for the purposes of calculating the lodestar amount. (Exhibit A to Pengilley Decl., ECF No. 20-2.) The Billing Table describes 30.80 total hours of work performed by six different "Team Member[s]" and identifies an "Amount Due" of $22,416.39 for their services. *Id.* These Team Members include "attorneys, paralegals, and support staff." (ECF No. 20 at 21.) The Team Members' rates vary. (Exhibit A to Pengilley Decl., ECF No. 20-2.) Plaintiff also submits invoices for his court filing fees. (Exhibit C to Pengilley Decl., ECF No. 20-4.)

Defendant, in its Opposition, requests that the Court "sharply reduce[]" Plaintiff's calculated fees because Plaintiff's attorneys' fees rates are "unsupported [and] fundamentally inconsistent with prevailing standards for lemon law litigation." (ECF No. 23 at 6.) Defendant opposes Plaintiff's "flat fee" request for pre-litigation work, contending that Plaintiff fails to provide time sheets to support this request and charges an unreasonable amount. *Id.* at 7–9. Defendant further contends that Plaintiff's time sheets for litigation work demonstrate excessive hours spent on simple tasks. *Id.* at 10. Defendant requests that the Court reduce Plaintiff's attorneys' fees to $250 per hour because of his counsel's limited experience, the relatively simple nature of the case, and the absence of evidence to support the requested hourly rates. *Id.* at 11–13. In support, Defendant submits the Declaration of Thomas Wynsma and its related Exhibits. (ECF No. 23-1.) Defendant requests that the Court reduce Plaintiff's requested attorneys' fees by $17,912.00 and award attorneys' fees in the adjusted amount of $4,887.50. (ECF No. 23 at 16.) Defendant also requests that the Court decline to apply a lodestar multiplier. *Id.* at 14–15.

## III. LEGAL STANDARD

Defendant removed this action on the basis of diversity jurisdiction. (ECF No. 1.) When a federal district court exercises diversity jurisdiction over a case, the "law of the state in which the district court sits determines whether a party is entitled to attorney fees,

and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under the Song-Beverly Act, a prevailing buyer:

> shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d). The Song-Beverly Act requires that a district court "make an initial determination of the actual time expended; and then [] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (Cal. Ct. App. 1994).

"Courts calculate attorneys' fees under § 1794(d) using the 'lodestar adjustment method.'" *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *2 (S.D. Cal. Aug. 10, 2020) (quoting *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (Cal. Ct. App. 2006)). "The lodestar calculation 'begins with a touchstone or lodestar, based on careful compilation of the time spent and reasonable hourly compensation of each attorney.'" *Id.* (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (Cal. 2001)). After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. "[T]he purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.*

"The plaintiff bears the burden of demonstrating that the fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount." *Hellenberg v. Ford Motor Co.*, No. 18cv2202 JM (KSC), 2020 WL 1820126, at *1 (S.D.

Cal. Apr. 10, 2020) (citing *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013)). "If the reasonableness of fees is challenged," the opposing party must "demonstrate the hours spent are duplicative or excessive." *Id.* (citing *Premier Med. Mgmt. Sys. v. Cal. Ins. Guar. Assoc.*, 163 Cal. App. 4th 550, 562, 564 (Cal. Ct. App. 2008)).

## IV. DISCUSSION

The parties do not dispute that Plaintiff is entitled to attorneys' fees under § 1794(d) as the prevailing party in this action. (ECF No. 23 at 6.) The issue is whether Plaintiff's request is reasonable.

### A. Reasonable Attorneys' Fees

The Court considers Plaintiff's requested award of attorneys' fees based on the reasonableness of requested rates and hours expended in this action.

#### *1. Reasonable Rates*

In determining a reasonable rate for attorneys' fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The relevant community is that in which the district court sits." *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014) (quoting *Weeks v. Kellogg Co.*, No. CV 09-08102(MMM) (RZx), 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013)).

"Fee applicants may provide affidavits of practitioners from the same forum with similar experience to establish the reasonableness of the hourly rate sought." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020). Courts may also draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Id.* "Once the fee applicant has proffered such evidence" of the prevailing market rate in the community, "the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Nguyen v. BMW of N. Am., LLC*, No. 3:20-CV-2432

JLS (BLM), 2023 WL 173921, at *2 (S.D. Cal. Jan. 12, 2023) (quoting *Cortes v. Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005)).

Plaintiff contends that the following hourly rates are reasonable:

| Name | Title | Hourly Rate 2025 | Hourly Rate 2026 |
|---|---|---|---|
| Stephanie Pengilley | Senior Counsel | $545.00 | $575.00 |
| Michelle Yang | Founding Partner | $525.00 | Not Billed |
| Andrea Plata | Associate Attorney | $450.00 | $500.00 |
| Vivian Chen | Associate Attorney | Not Billed | $475.00 |
| Roxana Rosas<br>Samuel Castelan | Paralegals, Legal Assistants, Case Managers | $125.00 | $150.00 |

(Pengilley Decl. ¶¶ 4–14; Billing Table at 4–5.) Defendant contends that because Plaintiff's attorneys "are not seasoned litigators," "Song-Beverly cases are not complex," and Plaintiff cites "little, if any, evidence" to support the billing rate, Plaintiff's requested rates are unreasonable. (ECF No. 23 at 12.) Defendant requests that the Court adjust Plaintiff's rates to a blended rate of $250 per hour. *Id.* at 11. In response, Plaintiff contends that the rates "are reasonable and consistent with prevailing market rates for attorneys of comparable skill, experience, and expertise." (ECF No. 24 at 11.)

In cases related to allegedly defective automobiles, federal courts in this district have recently approved hourly rates between $225 and $600. *See Cabrera v. Ford Motor Co.*, No. 23-CV-1775-WQH-LR, 2025 WL 2462442, at *4–*6 (S.D. Cal. Aug. 26, 2025) (approving hourly rates for attorneys between $395 and $595); *Garcia v. Ford Motor Co.*, No. 22-CV-1474-GPC, 2023 WL 3961090, at *4 (S.D. Cal. June 12, 2023) (approving hourly rates for attorneys between $475 and $605); *Hellenberg v. Ford Motor Co.*, No. 18CV2202 JM (KSC), 2020 WL 1820126, at *3 (S.D. Cal. Apr. 10, 2020) (approving hourly rates between $350 and $550 for partners and between $275 and $375 for associate attorneys); *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677,

at *4 (S.D. Cal. Aug. 10, 2020) (approving hourly rates of $350 for partners and $225 for associate attorneys); *Pappas v. Ford Motor Co.*, No. 321CV00584BENKSC, 2021 WL 5810661, at *3 (S.D. Cal. Dec. 7, 2021) (approving hourly rate of $510 for experienced counsel); *Beauschesne v. Ford Motor Co.*, No. 25-CV-69 JLS (DEB), 2026 WL 734533, at *7 (S.D. Cal. Mar. 16, 2026) (approving hourly rates of $595 for shareholders, $375 for associate attorneys, and $175 for paralegals); *Nguyen*, 2023 WL 173921, at *2–*3 (approving hourly rates of $525 for partners, between $325 and $375 for associate attorneys, and $140 for paralegals); *Kotulski v. FCA US LLC*, No. 317CV00527AJBBGS, 2020 WL 7013587, at *4 (S.D. Cal. Nov. 25, 2020) (approving hourly rates between $200 and $650 for attorneys); *Kik v. Ford Motor Co.*, No. 25-CV-02479-WQH-DDL, 2026 WL 926712, at *5 (S.D. Cal. Apr. 6, 2026) (approving hourly rates of $605 for partners and $475 for associate attorneys).

Defendant cites *Fischer v. FCA US, LLC* to contend that a blended rate of $250 for all of Plaintiff's attorneys is appropriate here because of the attorneys' minimal experience and the straightforward nature of lemon law. (ECF No. 23 at 11–13.) However, the court in *Fischer* distinguished lawyers based on their experience and awarded different amounts of attorneys' fees correlating to "each attorney's respective experience." *Fischer v. FCA US, LLC*, No. 3:20-CV-00707-H-JLB, 2020 WL 14084621, at *4 (S.D. Cal. Oct. 19, 2020). And, in *Moron v. General Motors LLC*, a court in this district approved hourly rates of $450 to $545 for attorneys with seven to ten years of practice and adjusted the hourly rate for an attorney with three years of practice to $250. No. 3:25-CV-02458-H-BLM, 2026 WL 357534, at *4 (S.D. Cal. Feb. 9, 2026). Because courts award different hourly rates depending on an attorney's years of practice, the Court declines to apply a blended rate for all of Plaintiff's attorneys. *Id.*

Here, Plaintiff requests hourly rates at the upper end of the range of rates typically awarded by courts in this district for similar cases. The Court finds reason to revise the requested rates based on the experience of each attorney.

/ / /

i. Stephanie Pengilley

In her declaration, Stephanie Pengilley discusses the experience of Plaintiff's attorneys. Ms. Pengilley has practiced consumer warranty litigation since 2017, "has obtained plaintiffs' verdicts in three cases she has tried as lead trial counsel," and cites several cases approving her hourly rate. (Pengilley Decl. ¶ 4.) Earlier this year, the court in *Moron* found Ms. Pengilley's hourly rate of $545 reasonable. 2026 WL 357534, at *3. Ms. Pengilley's hourly rate has increased by $30 since the *Moron* holding, but the increase is in accordance with fluctuation that other courts have found reasonable. *See Zamora v. BMW of N. Am., LLC*, No. CV 20-838-KS, 2023 WL 8896264, at *7 (C.D. Cal. July 28, 2023) (approving Ms. Pengilley's rates, which increased by $20 within the same year); *Cabrera*, 2025 WL 2462442, at *4–*6 & n.5 (approving attorney's rate increase of $45 over a few months).

Defendant contends that Plaintiff's counsel "cites cases predominantly from other jurisdictions which command higher rates, such as Los Angeles." (ECF No. 23 at 12.) However, a court in the Southern District of California also found Ms. Pengilley's rate—somewhere between $475 and $605 per hour—reasonable and "similar to rates that have been upheld in this District and in California state court." *Garcia*, 2023 WL 3961090, at *4. Additionally, Ms. Pengilley's requested hourly rate of $575 for 2026 is only $10 higher than an hourly rate that a court in the Central District of California found reasonable three years ago. *Zamora*, 2023 WL 8896264, at *7. Here, Ms. Pengilley's rates of $545 and $575 fall within the range that courts in this district have deemed reasonable for attorneys with comparable experience. *See, e.g.*, *Garcia*, 2023 WL 3961090, at *4; *Moron*, 2026 WL 357534, at *3. The Court finds Ms. Pengilley's hourly rates reasonable.

ii. Michelle Yang

Plaintiff states that Michelle Yang is a partner and has "negotiated settlements totaling millions of dollars on behalf of consumers." (Pengilley Decl. ¶ 5.) Earlier this year, a court in this district found Ms. Yang's requested rate of $525 per hour reasonable. *Moron*, 2026 WL 357534, at *3. The Court agrees and declines to adjust Ms. Yang's 2025 rate.

iii. Andrea Plata, Vivian Chen, and Gary Balyezyan

Plaintiff states that Andrea Plata became licensed to practice law in 2022 and has "prosecuted thousands" of consumer warranty litigation cases. (Pengilley Decl. ¶ 7.) In *Moron*, a court in this district adjusted Ms. Plata's hourly rate from $450.00 to $250.00 because her practice experience totals less than five years. 2026 WL 357534, at *4. Ms. Plata requests a $500 hourly rate in 2026 with only a few more months of experience, which is $50 per hour more than the amount the *Moron* court deemed unreasonable earlier this year. (*See* Pengilley Decl. ¶ 7.) The Court will adjust Ms. Plata's hourly rates for both 2025 and 2026 to $250.00 to reflect her limited practice experience. *See Moron*, 2026 WL 357534, at *4. Additionally, the Court will reduce the hourly rates of associate attorneys Vivian Chen and Gary Balyezyan, given that they have less experience than Ms. Plata. (Pengilley Decl., ¶¶ 7–9; *see Blood v. Mercedez-Benz, USA, LLC*, No. 23-cv-1463-WQH-AHG 2024 WL 4875265, at *5 (S.D. Cal. Nov. 22, 2024) (finding a $250 hourly rate reasonable for a first-year associate).)

iv. Paralegals and Support Staff

Plaintiff contends that the paralegal, legal assistant, and case managers' hourly rates, at $150, are "lower than hourly rates approved by other California courts." (ECF No. 20 ¶ 14.) Defendant requests that the Court reduce the paralegal, legal assistant, and case managers' hourly rates to $125 per hour. (ECF No. 23 at 16.) Neither party cites any cases from the relevant legal community (the San Diego area) discussing rates for paralegals and other support staff. "The Southern District of California has upheld paralegal rates ranging from $155/hour to $265/hour in recent 'lemon law' cases." *Blood*, 2024 WL 4875265, at *5 (collecting cases from 2020 through 2023). The Court accordingly finds the hourly rates of $125 and $150 for paralegals, legal assistants, and case managers reasonable.

The Court adjusts the hourly rates of Plaintiff's counsel as follows for the purpose of determining a reasonable award of attorneys' fees:

/ / /

/ / /

| Name | Title | Adjusted Hourly Rate 2025 | Adjusted Hourly Rate 2026 |
|---|---|---|---|
| Stephanie Pengilley | Senior Counsel | $545.00 | $575.00 |
| Michelle Yang | Founding Partner | $525.00 | Not Billed |
| Andrea Plata | Associate Attorney | $250.00 | $250.00 |
| Vivian Chen | Associate Attorney | Not Billed | $250.00 |
| Roxana Rosas<br>Samuel Castelan | Paralegals, Legal Assistants, Case Managers | $125.00 | $150.00 |

### 2. *Hours Expended*

Plaintiff contends that the number of hours his counsel expended is reasonable based on the work required to litigate this action. (ECF No. 20 at 15–17.) Plaintiff submits the Billing Table in support of his contentions. The Billing Table contains detailed time entries for work beginning with the filing of the Complaint but identifies a "flat rate" of $7,000 for pre-litigation services. (Billing Table at 6.) The total number of hours purportedly expended by each attorney is described here:

| Name | Title | Hours Expended |
|---|---|---|
| Stephanie Pengilley | Senior Counsel | 7.5 |
| Michelle Yang | Founding Partner | 0.4 |
| Andrea Plata | Associate Attorney | 17.4 |
| Vivian Chen | Associate Attorney | 5.2 |
| Roxana Rosas<br>Samuel Castelan | Paralegals, Legal Assistants, Case Managers | 0.3 |

*See id.* at 2–6.

The prevailing party is entitled to "an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally

is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quotation omitted). "A fee applicant must provide records documenting the tasks completed and the amount of time spent." *Scott v. Jayco Inc.*, No. 1:19-cv-0315 JLT, 2021 WL 6006411, at *2 (E.D. Cal. Dec. 20, 2021) (citing *Hensley*, 461 U.S. at 424). "If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut.'" *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)). The court may exclude "hours that are excessive, redundant, or otherwise unnecessary." *Yarovoy v. Tesla Motors, Inc.*, No. 23-cv-04182-JSC, 2024 WL 2412547, at *4 (N.D. Cal. May 22, 2024) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

i. <u>Excessive Billing</u>

Defendant contends that the 30.8 hours of billed work set forth in the Billing Table is excessive. (ECF No. 23 at 13, 16.) Defendant identifies the following time entries as problematic: (1) 0.8 hours for Ms. Plata to review Defendant's Notice of Removal on September 5, 2025; (2) a total of 2.5 hours for Ms. Plata to prepare the Motion to Remand in September; (3) a total of 4.7 hours for Ms. Plata to prepare for the ENE; and (4) a total of 7.0 hours for Ms. Chen and Ms. Pengilley to prepare the instant fees motion in September and October. *Id.* at 10, 13; *see also* ECF No. 20-2 at 2–6.

Defendant contends, specifically, that Ms. Plata's billing 0.8 hours to "review and analyze" the Notice of Removal and 2.5 hours to prepare the Motion to Remand is unreasonable because the Motion to Remand was "a copy of hundreds of similar motions in Plaintiff counsel's other cases" and should be reduced to one billable hour. (ECF No. 23 at 10.) Defendant also argues that Ms. Plata's entry for 4.7 hours to prepare for the ENE is "at best duplicative, but is also plainly just a padding of the bill" and "did not need to take more than two hours." *Id.* Lastly, Defendant contends that the instant fees motion is a

"boilerplate motion" that "largely replicates filings [Plaintiff's attorneys] have submitted in thousands of other cases," and thus billing seven hours is excessive. *Id.* at 14.

The time expended related to the Motion to Remand, ENE, and instant fees motion is commensurate with the work described. Defendant contends that Plaintiff's counsel copied the Motion to Remand and instant fees motion from ones used in other cases but provides no evidence to support this contention. The Court accordingly finds the 0.8 hours spent reviewing and analyzing the Notice of Removal and the 2.5 hours spent preparing the Motion to Remand reasonable. *Compare Moron*, 2026 WL 357534, at *4 (finding 2.9 hours reasonable to complete the same tasks)*, and Garcia*, 2023 WL 3961090, at *3 (finding 13 hours reasonable to prepare and file motion to remand)*, with Tapia v. Ford Motor Co.*, No.: 3:20-cv-01510-W-MSB, 2021 WL 5863597, at *2 (S.D. Cal. Oct. 19, 2021) (holding that 20.2 hours to prepare a motion to remand was excessive). The Court also declines to adjust the 4.7 hours Ms. Plata expended to prepare for the ENE. (ECF No. 23 at 13.) *See, e.g.*, *Hellenberg*, 2020 WL 1820126, at *4 (finding 12.9 hours to prepare and attend an ENE reasonable). Lastly, the Court finds the 6.9 hours billed to prepare the instant fees motion reasonable. *Compare Ovesepyan v. Mercedez-Benz USA, LLC*, No. 2:21-cv-01410-FWS-AFM, 2023 WL 8586384, at *4 (C.D. Cal. Mar. 17, 2023) (finding no more than 9 hours spent on fees motion reasonable)*, and Moron*, 2026 WL 357534, at *5 (adjusting time billed on fees motion to 10 hours)*, with Evazyan v. Mercedes-Benz USA, LLC*, No. 2:22-cv-06032-JLS-MRW, 2023 WL 11197079, at *5 (C.D. Cal. Dec. 6, 2023) (finding 15.3 hours billed to prepare fees motion unreasonable).

The Court finds the 30.8 total billed hours reasonable.

ii. Flat Fee for Pre-Litigation Services

Defendant opposes Plaintiff's request for a flat fee for services rendered before the Complaint was filed. (ECF No. 23 at 7–9.) Defendant contends that Plaintiff improperly "lump[s] fees" together and fails to meet his burden of providing a proper basis for his fee request that is "based on actual time expended." *Id.* at 8 (citing Cal. Civ. Code § 1794(d)). Defendant further contends that, lack of transparency aside, Plaintiff charges an

unreasonable amount for simple pre-litigation tasks. *Id.* at 8–9. In response, Plaintiff contends that the Billing Table sufficiently describes the pre-litigation work and that Ms. Pengilley's declaration explains the flat-fee structure. (ECF No. 24 at 3–4.) Plaintiff further contends that, even if the Court finds that the flat fee constitutes improper block billing, the Court should merely reduce the flat fees, not eliminate them entirely. *Id.* at 4–5.

"'Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quotations and citation omitted). Under California law, "block billing is not objectionable 'per se,' though it certainly does increase the risk that the trial court, in a reasonable exercise of its discretion, will discount a fee request." *Jaramillo v. Cnty. of Orange*, 200 Cal. App. 4th 811, 830 (Cal. Ct. App. 2011) (citing *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (Cal. Ct. App. 2008)). "Block billing is especially troublesome when it exacerbates 'the vagueness of counsel's fee request, a risky choice since the burden of proving entitlement to fees rests on the moving party.'" *Farmers & Merchs. Bank of Long Beach v. Willemsen*, No. EDCV 13-00609-JGB (SPx), 2014 WL 12593981, at *3 (C.D. Cal. Sept. 4, 2014) (quoting *Alnor*, 165 Cal. App. 4th at 1325).

"[C]ourts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1010 (Cal. Ct. App. 2013) (citations omitted). "Reducing block billed hours by a certain percentage is warranted because 'block billing makes it more difficult to determine how much time was spent on particular activities.'" *Ussery v. Mercedes-Benz USA LLC*, No. 2:23-cv-00952-DAD-SCR, 2025 WL 2840832, at *3 (E.D. Cal. Oct. 7, 2025) (quoting *Welch*, 480 F.3d at 948). A district court can impose a 10% reduction—a "haircut"—on block billed fees "based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The Billing Table contains two entries charging a "flat rate" of $4,500.00 and $2,500.00, respectively. (Billing Table at 6.) The challenged entries read as follows:

> [$4,500.00] [f]lat rate for all services rendered prior to the preparation of the Pre-litigation Letter and related documents in this matter, including all communications with client, including, but not limited to, case facts, merits of case, applicability of Song-Beverly Consumer Warranty Act to case facts, client's contacts to Defendant, attorney-client retainer agreement, and pertinent evidentiary documentation; attorney review of client's repair orders, purchase contract, current registration, vehicle payment information, and incidental damages; the preparation of the Attorney-Client Retainer Agreement; computation of client's actual damages; and review of all written and verbal communications with Defendant's representative(s) outside the context of litigation.
>
> [$2,500.00] [f]lat rate for all services rendered relating to the preparation of the pre-litigation demand letter required by the Song-Beverly Consumer Warranty Act in order to seek civil penalties, including but not limited to, communications with the Manufacturer, communications with the client, analysis of any offers or responses made by the manufacturer, drafting of the pre-litigation demand letter, compiling all necessary documents for the demand letter, and calendaring deadlines associated with the pre-litigation stage required by the law.

*Id.*

In her declaration, Ms. Pengilley states that the firm charges the $4,500.00 flat rate for services rendered prior to the pre-litigation demand letter because it "would be impractical to keep track of billables during the intake stage because many cases do not move forward." (Pengilley Decl. ¶ 18.) Ms. Pengilley further states that the flat rate of $2,500.00 represents "services rendered between May 15, 2025 to August 1, 2025, relating to the pre-litigation demand letter." *Id.*

The Court can only award fees for "actual time reasonably billed." *See, e.g.*, *Dalmacio v. BMW of N. Am., LLC*, No. CV 22-1204-KS, 2023 WL 8042566, at *10 (C.D. Cal. Oct. 18, 2023) (citations omitted). However, the "flat rate" entries lump together so many distinct tasks that "the Court has no way to disaggregate the activities to determine whether the time billed for any particular task was reasonable." *Zamora*, 2023 WL

8896264, at *9. The second challenged entry also bills attorney time for "calendaring deadlines associated with the pre-litigation stage." (Billing Table at 6.) This constitutes clerical work, which is not recoverable as part of an attorneys' fee award. *See, e.g.*, *Acereto v. Mercedes-Benz USA, LLC*, Case No. EDCV 23-0042 JGB (SPx), 2024 WL 6962875, at *5 (C.D. Cal. Sept. 4, 2024) (holding that "calendaring dates" is a non-compensable, "purely clerical" task).

Although the challenged entries are vague, from what the Court can discern, they report an unreasonable number of hours for the work performed. Ms. Pengilley states that the first flat rate equals nine hours of time at a rate of $500 per hour. (Pengilley Decl. ¶ 18.) She does not describe the hourly breakdown of the second flat rate, but it would amount to five hours if billed at the same $500 hourly rate. *Id.* Fourteen hours is an unreasonable amount of time to spend on pre-litigation tasks, which mostly include reviewing case documents in a relatively simple case, preparing form documents, and communicating with the client. The challenged entries also do not specify which attorney performed the pre-litigation work. If it was Ms. Plata or another attorney with a reasonable hourly rate of $250, the number of hours expended on this work would double—making the flat rates even more unreasonable. Because the challenged entries bill for some non-compensable work, contain insufficient information to assess reasonableness, and charge for an excessive number of overall hours, the Court reduces the "flat rate" award by 30%. *See, e.g.*, *Grimes v. Ford Motor Co.*, No. CV 22-01896-MWF (JCx), 2025 WL 1140395, at *6 (C.D. Cal. Mar. 4, 2025) (reducing block-billed entries by 30% for vagueness and billing for non-compensable work). The Court awards a total of $4,900.00 for pre-litigation services.

### ***3. Lodestar Multiplier***

Plaintiff contends that the Court should apply a lodestar multiplier of 0.2 to its calculation of attorneys' fees because the contingency fee arrangement, "recent changes to the Lemon Law," and the "potentially protracted nature of this case" required Plaintiff's counsel to incur "significant financial and operational risks." (ECF No. 20 at 23.) Plaintiff

also notes that his counsel advanced litigation costs and expenses "without the guarantee of reimbursement." *Id.* Defendant contends that the Court should not apply a lodestar multiplier because the case is straightforward, it resolved quickly, and Plaintiff's counsel submitted "boilerplate filings." (ECF No. 23 at 6.) Defendant further contends that Plaintiff's hourly rates already account for contingent risk, so a multiplier is unnecessary. *Id.* at 14–15.

"The lodestar amount is considered presumptively reasonable, and only the 'rare' or 'exceptional' case will justify an upward adjustment." *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1207 (C.D. Cal. 2022) (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000)). "[T]he party seeking a fee enhancement bears the burden of proof" and district courts are not required to enhance the lodestar amount. *Ketchum*, 24 Cal. 4th at 1138. Courts generally consider four factors when determining whether to add a "multiplier" or "enhancement" to the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1230 (C.D. Cal. 2020) (quoting *Ketchum*, 24 Cal. 4th at 1128).

The Court does not find reason to add a lodestar multiplier to the fee award. This case did not involve unusually complex legal issues and did not appear to impose such a burden on Plaintiff's counsel that they might be expected to have declined other cases. The time, skill, and complexity required to litigate this action are reflected in the lodestar amount. And although Plaintiff's counsel took this case on contingency, the Song-Beverly Act "is a mandatory fee-shifting statute which 'eliminates any uncertainty about whether costs will be awarded to the prevailing party.'" *Rahman*, 594 F. Supp. 3d at 1207 (quoting *Arias v. Ford Motor Co.*, No. EDCV 18-1928 PSG (SPx), 2020 WL 1940843, at *2 (C.D. Cal. Jan. 27, 2020)). The Court accordingly declines to apply a lodestar multiplier. *See id.* at 1207 (declining to award a lodestar multiplier in a "largely routine lemon law case"); *Moron*, 2026 WL 357534, at *6 (declining to award a lodestar multiplier in a "routine"

case arising under the Song-Beverly Act); *Cabrera*, 2025 WL 2462442, at *12 (declining to award a lodestar multiplier "given the routine nature of th[e] case and the lack of novel or complex issues").

***4. Summary of Attorneys' Fees***

Based on the adjustments made in the preceding analysis, the following table reflects the reasonable hours spent and hourly rates for Plaintiff's counsel:

| Name | Title | 2025 Hours | 2026 Hours | Adjusted 2025 Rate | Adjusted 2026 Rate |
|---|---|---|---|---|---|
| Stephanie Pengilley | Senior Counsel | 0.2 | 7.3 | $545.00 | $575.00 |
| Michelle Yang | Founding Partner | 0.4 | Not Billed | $525.00 | Not Billed |
| Andrea Plata | Associate Attorney | 16.8 | 0.6 | $250.00 | $250.00 |
| Vivian Chen | Associate Attorney | Not Billed | 5.2 | Not Billed | $250.00 |
| Roxana Rosas Samuel Castelan | Paralegals, Legal Assistants, Case Managers | 0.1 | 0.2 | $125.00 | $150.00 |
| Flat Pre-Litigation Fee | | | | $4,900.00 | |

The total amount of attorneys' fees to be awarded to Plaintiff's counsel is $15,109.00.

**B. Costs and Expenses**

Plaintiff requests costs and expenses in the amount of $507.39. (ECF No. 20 at 8.) Defendant does not oppose this request. (ECF No. 23 at 16.) Under the Song-Beverly Act,

a prevailing plaintiff may recover "a sum equal to the aggregate amount of costs and expenses." Cal. Civ. Code § 1794(d). The Court concludes that Plaintiffs are entitled to recover $507.39 in costs and expenses.

**V. CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 20) is granted, as follows. The Court awards Plaintiff $15,109.00 in attorneys' fees and $507.39 in costs and expenses, for a total amount of $15,616.39. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

Dated: August 10, 2026

Hon. William Q. Hayes
United States District Court